## LONG *v.* THE STATE.

CRIMINAL LAW.—*Abatement of Indictment.*—*Nunc Pro Tunc Entry.*—To a plea in abatement of an indictment, alleging that no record of the return thereof into court by the grand jury had been made, and that the date of the filing thereof had not been endorsed thereon, it is sufficient to reply that such omissions have been cured by a *nunc pro tunc* entry thereof, made by order of the court.

SAME.—*Practice.*—*Election by the State.*—On the conclusion of the evidence on behalf of the State, in a criminal prosecution, showing that, within the time covered by the indictment, the defendant had committed several offences of the nature of that charged therein, he may, before introducing

his evidence, require that the prosecuting attorney shall elect upon which of such offences he will insist for a conviction.

SAME.—*Instruction to Jury.*—Where, in such case, no such election has been requested or made, it is not error in the court to refuse to instruct the jury, that, to entitle the State to a conviction and at the same time protect the defendant from a possible future prosecution for the same offence, the evidence must show the defendant to have committed the offence charged, at a particular time and upon a particular occasion.

SAME.—*New Trial.—Failure of Defendant to Testify.—Improper Comments by Counsel.*—An allusion by counsel for the State in a criminal prosecution, made during his argument of the cause before the jury, to the fact that the defendant had failed to testify as a witness on the trial of such cause, is sufficient ground for a new trial, and is not cured by the facts, that the court admonished the counsel that such allusion was improper, and instructed the jury that no attention should be paid by them to the same.

From the Morgan Circuit Court.

*G. W. Grubbs, M. H. Parks* and *J. H. Jordan,* for appellant.

*A. M. Cunning,* Prosecuting Attorney, for the State.

NIBLACK, J.—This was a prosecution for retailing intoxicating liquor, by a less quantity than a quart at a time The indictment was returned at the September term, 1875, of the court below. By some inadvertence, the return of the indictment was not noted of record, nor was the time of filing the indictment endorsed upon it. At the succeeding term of the court, the prosecuting attorney had a *nunc pro tunc* entry made, supplying these omissions. The defendant thereupon, at the same term, appeared and pleaded the foregoing omissions in abatement of the indictment. The prosecuting attorney replied the *nunc pro tunc* entry and the circumstances which led to it. A demurrer to the reply was overruled, and the issue thus formed was tried by the court without a jury, resulting in a finding and judgment for the State. The case thus far is precisely similar to *Long* v. *The State, ante,* p. 133, decided at the present term ; and, upon the anthority of that case, we see no error in the proceedings in this case on the answer in abatement.

A plea of not guilty was then entered, and there was a

trial by a jury, followed by a verdict of guilty. The court, after overruling motions for a new trial and in arrest of judgment, to which exceptions were respectively reserved, rendered judgment on the verdict.

On the trial, one Rhinehole Hollander, to whom the intoxicating liquor was charged to have been sold, was the only witness examined. He testified, in substance, as follows: "I know James R. Long; I got some liquor of him, but can not state the time. I bought it of him before the grand jury met in last September, but I can not tell whether in that month or not. I was before the grand jury the last week it was in session. I can not state that within a week or ten days before that time I got any liquor. It may have been two or three or five weeks before that time. Sometimes I got wine, sometimes whiskey, and sometimes wine and whiskey mixed. The wine was blackberry wine. I got it in a small glass, less than a half pint. I paid ten cents for it. It was intoxicating: I got it in Long's store, in Morgan county, and the State of Indiana. It was within three months before the grand jury met in last September. I can not recollect what I got this time, whether it was wine or wine and whiskey mixed. I paid ten cents for it, either to Buckner or to Long. I can not tell which. It may be I got three times of Long, but can not say. You ask me about separate transactions. I do not know what you mean by separate transactions."

The defendant did not testify as a witness in his own behalf. After the testimony was concluded, the defendant asked the court to instruct the jury, that, "before the State can demand a conviction of the defendant upon this charge, it must, by its evidence, show that it (the liquor) was sold at a particular time, and upon a particular occasion. The State is bound to this particularity, so that the conviction for this offence, if he should be convicted, might be a bar to any subsequent prosecution for the same offence."

The court refused to so instruct the jury, to which the defendant excepted, and that refusal was assigned as one of the causes for a new trial.

We understand the rule to be, that, when, in a case like this, a single sale only is charged in the indictment, and the evidence shows that there have been several sales of the same kind, made within the period of time covered by the indictment, the prosecuting attorney should be required, when requested so to do, to elect which sale the State will insist upon for a conviction, before the defendant is called upon for his defence. *State* v. *Smith,* 22 Vt. 74. Such an election, when required, should be made, so that the identity of the sale, for which the defendant has been tried, may be conveniently shown, if necessary, on a subsequent indictment including the same offence. Without such an election, it may be well questioned, whether a conviction could properly be had on a subsequent indictment for any of said several sales. It does not appear, however, that any election was required of the prosecuting attorney on the trial of this cause, and hence we do not regard the instruction prayed for by the defendant as strictly applicable to the evidence as it went to the jury. We can not, therefore, hold that the court erred in refusing to give the instruction.

One of the counsel for the State, in making the concluding argument to the jury, said: " It is true, gentlemen of the jury, the evidence in this case is not as clear as it might be. There were but two parties to this transaction. You have heard the evidence of one of them. We would have been pleased to have heard from the other, to see what light he could have thrown upon this transaction."

To this language, the defendant objected. The court sustained the objection, and admonished counsel that the failure of the defendant to testify in his own behalf was a subject not to be referred to before the jury, and instructed the jury that they should pay no attention to

what had been said concerning it. Counsel then, after protesting that the purport of his language, as above quoted, had not been fully understood, proceeded with his argument.

This reference of counsel for the .State to the defendant's failure to testify in his own behalf, as above stated, was also assigned as one of the causes for a new trial.

The statute enumerating who are competent witnesses in a criminal case declares:

"*Fourth.* The defendant to testify in his own behalf, but if the defendant do not testify, his failure to do so shall not be commented upon, or referred to in the argument of the cause, nor commented upon, referred to or in any manner considered by the jury trying the same, and it shall be the duty of the court, in such case, to instruct the jury as to their duty under the provisions of this section." 2 R. S. 1876, p. 396, sec. 90.

We think the remarks of counsel, given above, constituted a palpable infringement of the provisions of the foregoing statute, which was not cured by the subsequent instructions of the court to the jury, that they should disregard such remarks, and must be regarded as an error of law occurring at the trial of the cause. We construe the statute to mean, that, when a defendant in a criminal cause declines to testify in his own behalf, absolute silence on the subject is enjoined on counsel in their argument on the trial, and upon the jury trying the cause during their consultation upon it.

Impressed with these views, we think the court erred in overruling the defendant's motion for a new trial, and that, for that reason, the judgment ought to be reversed.

The judgment is reversed, and the cause remanded for a new trial.