DENNIS BLAND AND JACKIE FLYNN *v*. STATE OF INDIANA.

[No. 1-573A95. Filed November 7, 1973.]

*David J. Colman,* of Bloomington, for appellants.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—The defendants-appellants (Bland and Flynn) were convicted by a jury of possession of a narcotic drug and the sale of a narcotic drug. We are of the opinion that their overruled motion to correct errors presents an issue which requires reversal of the cause.

Bland and Flynn complain about remarks made by the prosecuting attorney during closing argument which inindirectly or directly relate to both defendants' failure to testify. These remarks, made in the State's initial closing argument, were:

> "The law is, and it is a good law, that defendants don't have to produce anything. And, that's a good law. I ask you though, that may be the law, but as practical people wouldn't something be presented if something was there?

*   *   *

"If there was a grudge, would there have been something that would have substantiated that or is it only going to be based upon your suspicion and imagination. Wouldn't you put something in if you had something to put in?

\* \* \*

"There is no collaberation [sic] by every other State's witness of Mr. Goodman's testimony. There is not any evidence of any conflict to that testimony. Nary a word. Wouldn't it be imperative to try to put something into evidence in conflict?"

The prosecutor continued in his rebuttal argument:

"You can rely upon the law that you don't have to say a thing. No defense needs to be put forth. I ask you if that meets with your common sense? If you've got something to say through witnesses to sum up this innuendo, wouldn't you bring somebody forward to say something or does it all boil down to there is really nothing to say. I've just got nothing to say.

\* \* \*

"I've got to go back to some of the earlier comments. All parties admit that this is a major case. Well, most of the major parties do. That's why I emphasize again if a party has something to say they are going to say it. And, they're not going to rest on their laurels."

We believe that there can be no serious arguments that the foregoing remarks are proscribed by Indiana law. IC 1971, 35-1-31-3, Ind. Ann. Stat. § 9-1603 (Burns 1956); *Long* v. *State* (1877), 56 Ind. 182; *Rowley* v. *State* (1972), 259 Ind. 209, 285 N.E.2d 646. Neither do we believe the foregoing can be characterized as "isolated elements" in a closing statement. See *Bradburn* v. *State* (1971), 256 Ind. 453, 269 N.E.2d 539.

The State takes the position that Bland and Flynn could have dispelled the error by requesting an admonishment of the jury as permitted by *Rowley* v. *State, supra,* and *Keifer* v. *State* (1932), 204 Ind. 454, 104 N.E. 557. The following discourse took place in the absence of the jury:

"MR. COLMAN: Your Honor, on behalf of defendant, Bland, I feel it is compelling that I object to the prosecutor's continuing referral to defendants having not taken the stand. Comments like sitting on their laurels and other such cheap shots and attempting to do what he knows he cannot do under the law. . . .

JUDGE: Let the record show that the court suggest that counsel that he make no conduct with reference . . . make any reference to the fact that one or either of the defendants have not taken the stand during the trial of this cause."

The State is correct in that had the approved method been followed the prosecutor's error would have been cured. However, in the absence of an admonishment to the jury we fail to see how mischief is corrected. As was held in *Keifer, supra,*

"Where a prosecuting attorney, in his argument, comments, in violation of the statute (citations omitted) upon the failure of the accused to testify, harmful error will be presumed unless the contrary is made to appear, but where it appears that reasonable and prompt measures are taken by the trial court to prevent any injurious effect from such improper remarks, it will be presumed that the error has been cured, in the absence of a contrary showing. (See Blume v. State [1900], 154 Ind. 343, 356, 56 N.E. 771, 776.) In the instant case the court took no steps to admonish the prosecuting attorney and *inform the jury of the impropriety of remarks and in connection therewith to tell the jury that the defendant's failure to testify should not be 'in any manner considered by the jury'* (citations omitted), and therefore the prosecuting attorney's statements will be presumed to have been harmful and the overruling of a motion for a new trial on that ground will constitute reversible error." (Emphasis added.) 204 Ind. 463, 464.

*Rowley* v. *State, supra,* reinforces the position that admonishment to the jury is the essential device to correct misconduct by the prosecutor.

A caveat would be in order. The action of this court, in deciding this issue as presented by the facts of the case, could

at first blush be understood as sanctioning something akin to invited error in that there was no request for admonishment of the jury or for withdrawal of submission. *Griffin* v. *California,* 380 U.S. 609, 85 S. Ct. 1229, leaves no doubt that the Fifth Amendment, via the Fourteenth Amendment, forbids comment by the prosecution on the accused's silence in the courts of the several states. We are of the opinion our options are eliminated when choosing between the proper procedural aspects of this case, i.e., failure to seek the approved method of correcting error, and the Fifth Amendment rights of the defendants.

Judgment reversed with instructions to grant the defendants a new trial.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 303 N.E.2d 61.