SAM EARL LAKE *v.* STATE OF INDIANA.

[No. 575S128.  Filed January 28, 1976.]

*William P. Stanley,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Lawrence B. O'Connell,* Deputy Attorney General, for appellee.

HUNTER, J.—Defendant-appellant Lake was indicted in two counts for possession and delivery of a controlled substance (heroin). Defendant was tried by jury, convicted on both counts, sentenced to a determinate period of twenty years and fined $2,000. His motion to correct errors was overruled and he appeals. At the heart of this appeal are statements made by the prosecutor during closing argument, which appellant contends either separately or cumulatively, operated to deny him a fair trial.

In the closing argument, the prosecutor told the jury that

they should disbelieve the state's case only if they found "that there was some kind of conspiracy of the State of Indiana against Sam Lake." The prosecutor then proceeded to tear apart the conspiracy theory. In commenting upon the unlikelihood that Police Captain Richard Thomas would involve himself in such a plot, the prosecutor stated:

"He has been on the force for 19 years and he would have to participate with these people in this conspiracy and this would be nonsense trying to fool me."

and defense counsel objected:

MR. ROPER: "Your Honor, I hate to interrupt counsel's argument but I would like to move to strike the last comment because the attorney hasn't been on the witness stand and hasn't produced any evidence and what his thoughts are about the case have no place in the argument."

THE COURT: "Ladies and gentlemen of the jury, this is argument. You heard the testimony and you know what the testimony was and the comments of either the deputy prosecutor or the defendant's attorney, either one of them, is not evidence. You go on the evidence that you heard, this is argument."

Appellant urges that the court's response was not a sufficient admonishment to the jury to protect appellant's right to fair trial. We disagree. The clear implication of the court's statement, "You go on the evidence you heard, this is argument," is that the prosecutor's personal assessment of Captain Thomas' credibility was not evidence to be considered by the jury in arriving at a verdict. While this admonishment is not as detailed as the one recently reviewed in *Eliacin* v. *State*, (1975) 263 Ind. 119, 325 N.E.2d 201, we do not believe it is so deficient as to deny defendant a fair trial.

Appellant finds that the prosecutor's prolonged efforts in knocking down the "conspiracy" straw man was part of the prosecutor's design to improperly influence the jury. The recurring theme of the prosecutor's argument was that if the police and the informant were acting in concert to apprehend the defendant, then their testimony at trial should have been totally harmonious, rather than

exhibiting discordant factual inconsistencies. While the prosecutor's argument is unlikely to appear in a work on model summations, nevertheless, we cannot see how the repeated hammering at this theme affected any substantial rights of the appellant. When the reasons advanced for believing or disbelieving a witness are weak or illogical—as this argument would appear to be since the defense of entrapment was not raised—it is a matter for the jury to weigh in reaching its verdict. *Hubbard* v. *State*, (1974) 262 Ind. 176, 313 N.E. 2d 346.

Finally, appellant argues that the prosecutor, in discussing appellant's alibi defense, improperly commented upon his failure to testify. The argument reads:

MR. MCLAUGHLIN: "Let's talk about alibi for a second. Why did the defense make an alibi. I have got my own theory on it, ok. To raise alibi you must have something, he has got nothing, he does not have the necessary elements to raise alibi."

MR. ROPER: "I object to that."

THE COURT: "This is argument, Mr. Roper, the jury knows what the evidence was and he has a right to comment on it, it is purely argument and not evidence."

MR. MCLAUGHLIN: "Again the alibi was raised and that is all that it was, an alibi. The case is so darn cold and there is nothing that you can do about it. The case is so cold the defendant says, what am I going to do about it, what do we do. Let's say, I wasn't there, I wasn't there. I'll try it out, I wasn't there. The witness said he wasn't there. What do you think about his recollection, the witness. The Judge here, the Court will give you an instruction about credibility of witnesses. * * *"

Unless it appears that there are witnesses other than the defendant who have denied or contradicted the evidence against him, remarks of the type here made suggest that the only person who can offer a denial is the defendant himself. Such a suggestion unduly fetters defendant's exercise of his constitutional and statutory rights not to testify. *Rowley* v. *State*, (1972) 259 Ind. 209, 285 N.E.2d 646; *Rodriguez-Sandoval* v. *United States*, (1st Cir.

1969) 409 F.2d 529; *State* v. *Dent*, (1968) 51 N.J. 428, 241 A.2d 833. In this case, as the conclusion of the passage makes clear, another witness vouched for defendant's whereabouts. It was this witness whose credibility was under attack. Under these circumstances, the prosecutor's comments did not jeopardize appellant's right not to testify.

For all the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

Givan, C.J., Arterburn, DeBruler and Prentice, JJ., concur.

NOTE.—Reported at 340 N.E.2d 789.