GERALD L. MOORE *v.* STATE OF INDIANA.

[No. 1276S444. Filed November 30, 1977.]

*George K. Shields,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Moore was convicted on three counts on September 2, 1976, at the conclusion of a jury trial in Marion Criminal Court: (1) carrying a handgun in violation of the Firearms Act; (2) first-degree burglary, and; (3) armed robbery. He received sentences of six months imprisonment, ten to twenty years imprisonment, and thirty years imprisonment, respectively, for the three counts. The case arises from the burglary of an Indianapolis residence in May of 1976. Appellant and his companions, Carlo Marra and Ronald Carter, entered the house with the victim at gunpoint, tied and gagged her, and removed money, jewelry, antiques and silverware, of a total value between fifteen and twenty thousand dollars.

Eight errors are alleged in this appeal: (1) the prohibition of appellant from testifying that he had offered to take a polygraph test; (2) the admission of two handguns into evidence; (3) denial of the presumption of innocence through-

out trial; (4) refusal of the trial court to give appellant's tendered instruction dealing with witnesses testifying in consideration of promises of leniency; (5) a comment by the prosecutor on the state's case, made during final argument; (6) the sufficiency of the evidence for the conviction under the Firearms Act; (7) the sufficiency of the evidence for the first-degree burglary conviction; (8) the sufficiency of the evidence for the armed robbery conviction.

## I.

Appellant first argues that the state's motion in limine, prohibiting him from testifying that he had offered to take a polygraph test, should not have been granted. Absent a waiver or stipulation by the opposing party, references by witnesses or counsel to the results or administration of polygraph tests, direct or indirect are inadmissible, and motions in limine are proper in respect to such references. *Robinson* v. *State*, (1974) Ind. App., 309 N.E. 2d 833, 854-56, *rehearing denied*, (1974) Ind. App., 311 N.E.2d 461, *aff'd*, (1974) 262 Ind. 463, 466, 317 N.E.2d 850, 852. *See also Banks* v. *State*, (1976) 265 Ind. 71, 351 N.E.2d 4, 10-11, *cert. denied* (1977) 429 U.S. 1077, 97 S.Ct. 821, 50 L.Ed.2d 797.

Appellant cites *New* v. *State*, (1970) 254 Ind. 307 at 314, 259 N.E.2d 696 at 700, for the proposition that a defendant's statements which are freely, voluntarily, and spontaneously given are admissible into evidence. This case, however, involving a question about statements of a defendant to the police, is totally inapplicable here. Inadmissible evidence does not become admissible merely because it is freely spoken by a defendant. The record in the present case does not show whether appellant's alleged offer to take a polygraph test was in fact made, and if so whether it was accepted or refused. Neither does the record show

whether a polygraph was actually available for the test, or whether the alleged offer was unconditional or conditioned upon certain stipulations. Even if the record showed the above facts, appellant's offer to take a polygraph test would not have been probative of either his innocence or his credibility. He may not have wanted to do anything more than make an offer to take the test, if faced with the possibility of actually taking one. On the other hand, he may have thought he knew a way to "beat" the polygraph, or may have only desired to take a test administered by either an examiner or by use of an instrument unacceptable to the state. In view of unreliability of polygraphs, *Vacendak* v. *State,* (1976) 264 Ind. 101, 340 N.E.2d 352, 357, the rule prohibiting reference to polygraph evidence absent waiver or stipulation by all parties is properly applied to prohibit a defendant from stating that he offered to take a polygraph test. There was no error in the trial court's granting of the state's motion in limine.

## II.

Appellant next challenges the admission of two handguns into evidence by the state. The guns were identified by witness Ronald Carter as the ones taken into the victim's residence the day of the crime in question by himself, Carlo Marra, and appellant Moore. Carter's testimony was that Marra used one of the guns and that appellant Moore had the other. The guns were thus properly admitted into evidence.

## III.

Appellant argues that he was denied the presumption of innocence throughout the trial. He points to no part of the record in support of this assertion. To the contrary, the record shows that the court gave the following preliminary instruction:

"The law presumes the defendants in this case to be innocent of the commission of any crime, and this presumption continues throughout the trial, step by step.

"You should reconcile the evidence in this case upon the theory of the innocence of the defendants if it can be reasonably and consistently done, and there should be no conviction of the defendants unless each member of the jury is convinced beyond a reasonable doubt of their guilt; for the law contemplates, and indeed demands, the concurrence of twelve minds in the conclusion that the accused is guilty; and so long as you, or any of you, have or entertain a reasonable doubt as to the defendant's guilt you should resolve that doubt in their favor and they should not be convicted."

The argument of appellant here is thus without merit.

## IV.

Appellant next challenges the trial court's refusal to give his tendered instruction which dealt with witnesses testifying in consideration of promises of leniency. This instruction stated:

"One testifying in consideration of the Prosecutor's promise of leniency or threat of potential prosecution, is, in effect testifying under duress, or very substantial influence.

"Such procedure is apt to affect the truthfulness of such witness.

"You must consider such promise or threat in evaluating the testimony of any such witness.

"Of course, this is but part of the general rule, that you must consider the interest, if any, of every witness who testifies, as well as the character of such witness."

On its own motion, however, the trial court did give a general instruction on witness credibility, telling the jury that "you may take into consideration the interest, if any, that any witness has in the result of this trial." The instruction given by the court adequately and correctly covered the subject matter of the refused instruction. Further, appellant's tendered instruction improperly invaded the province of the jury, telling them that they "must" consider a promise of

leniency. There was thus no error in the refusal of appellant's tendered instruction.

## V.

In view of his choice not to testify at trial, appellant claims reversible error in the following comment made by the prosecutor during final argument:

"As you know the State's evidence in regards to the Defendant Moore is totally unrebutted, everyone that testified put that man at the scene and that man is involved in this offense. . . ."

Appellant objected to this comment, and the jury was excused as a conference outside their presence was immediately held on this matter. After this conference, the trial court instructed the jury as follows:

"The comments of the prosecutor are stricken from the record as heretofore were made prior to the short recess, and you are admonished to disregard comments in arriving at a verdict in this case."

Without the prompt admonishment which the court gave here, the prosecutor's comment would have stood as a comment on appellant's failure to testify, and constituted reversible error. *Rowley* v. *State,* (1972) 259 Ind. 209, 285 N.E.2d 646; Ind. Code § 35-1-31-3 (Burns 1975). However, a prompt admonishment will cure this error. *Rowley, supra; Bland* v. *State,* (1973) 158 Ind. App. 441, 303 N.E.2d 61. The impermissible comment of the prosecutor in this instance was thus cured by the trial court's action, and no error is preserved on this question.

## VI.

Appellant's next argument is that the verdict of the jury finding him guilty of carrying a firearm without a license in violation of Ind. Code § 35-23-4.1-1 *et seq.* (Burns 1975), was contrary to the law and the evidence. The record of this trial shows that the victim of

the armed robbery identified appellant as the man who pulled a gun on her and led her into her house, where the robbery took place. There was testimony from witness Carter that appellant drove the getaway car after the robbery, in which vehicle the guns were later found. The guns were admitted into evidence before the jury, so that they were able to observe their sizes and characteristics. Testimony of the licensing supervisor of the Indiana State Police established that appellant did not have a license to carry a firearm in the state of Indiana. Appellant urges that there was no evidence that he was not one of the persons excepted in section 4 of the Firearms Act, but the burden was on him to prove that he came within one of the exceptions. *Day* v. *State*, (1968) 251 Ind. 399, 241 N.E.2d 357. The jury's verdict on this offense is thus supported by the evidence.

## VII.

Appellant also argues that his conviction of first-degree burglary, under Ind. Code § 35-13-4-4 (Burns 1975), is not based upon sufficient evidence and is contrary to law. Appellant argues that he did not break into the victim's residence, but merely walked through a door that had been opened by her. The evidence shows that when the victim returned from the grocery store on the day of the crime in question, another car pulled behind her in her driveway. Appellant emerged from the car and pulled a gun on her. The victim testified that she saw two other men emerge from the car, and that with appellant holding the gun on her, "I had the keys in my hand and I knew that I had to unlock the door and let him in." She then unlocked the door, and was followed into her residence by the three men. At common law, one who caused an act to be committed by an innocent agent was guilty of the act himself. *Workman* v. *State*, (1939) 216 Ind. 68, 23 N.E.2d 419. In forcing the victim at gunpoint to unlock the door and let him in the house, appellant was as guilty of breaking as if he had taken

the keys from her hand and unlocked the door himself. The jury's verdict on this offense is thus supported by the evidence.

## VIII.

Appellant finally challenges certain aspects of the proof sustaining his conviction of commission of a felony, robbery, while armed, under Ind. Code § 35-12-1-1 (Burns 1975) and Ind. Code § 35-13-4-6 (Burns 1975). Appellant argues that the only testimony connecting him with the crime is that of his two alleged accomplices, which was unbelievable. This is simply an invitation to this court to weigh the evidence and judge the credibility of witnesses, which we will not do. Appellant further argues that there was no evidence that he was over sixteen years of age, which fact is a necessary element of commission of a felony while armed. However, Carlo Marra testified that he thought appellant was "around twenty-eight." Further the jury was able to observe appellant's appearance. This is sufficient evidence for this element of the offense. *Willoughby* v. *State,* (1966) 247 Ind. 210, 214 N.E.2d 169. Finally, we have recently held in *McGowan* v. *State,* (1977) 267 Ind. 16, 366 N.E.2d 1164, that absent a motion to dismiss, the age element is presumed in the state's favor. No motion to dismiss was made on the basis of this element in the present case. The armed robbery conviction is supported by sufficient evidence.

The judgment of the trial court is affirmed.

Givan, C.J., Hunter, Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 369 N.E.2d 628.