AARON THOMAS JONES *v.* STATE OF INDIANA.
[No. 577S319. Filed March 3, 1978.]

*Stephen M. Sherman,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

PRENTICE, J.—After trial by jury, Defendant (Appellant) was convicted on two counts of Commission of a Felony While Armed, to-wit: Armed Robbery, Ind. Code § 35-12-1-1 (Burns 1975). He was sentenced to ten years imprisonment for Count I, and twenty years imprisonment for Count II. This direct appeal presents the following issues:

(1) Whether the evidence presented at trial was sufficient to sustain the verdicts.

(2) Whether the trial court committed error by failing to submit a pre-sentence report for the jury's consideration.

(3) Whether the trial court committed fundamental error by allowing the defendant, while in the presence of the jury, to state his reason for refusing to testify in his own behalf.

### ISSUE I

The evidence most favorable to the State indicates that as one employee of the victimized grocery store was operating the cash register and the second employee was stocking a soda pop cooler, the defendant was standing in line at the check-out counter. The second employee, David Holman, noticed the defendant and initially thought that he was an acquaintance, but realized his mistake. The defendant then left the store, joined an accomplice who had been standing on the sidewalk outside the store, and the two then entered together. Defendant's accomplice thrust a handgun against Holman's back, prodded him to the back of the store, and ordered him to lie down. The accomplice then took cash and a watch from Holman.

While this was occurring, the defendant confronted the employee at the cash register, Jim Robinson, and ordered

him to empty the cash drawer into a bag. Although Robinson never saw the defendant with a gun, he saw that defendant's accomplice had a gun. The defendant kept his hand drawn within the sleeve of his coat and acted as if he had a gun. The defendant threatened Robinson, saying, "You mess up, I'll blow your head off."

The defendant and his accomplice made off with approximately four hundred twenty dollars and two cartons of cigarettes belonging to the proprietor of the store, and thirty or forty dollars and the watch which belonged to Holman.

Several days following the robbery, Holman went to the Marion County Police Department to view a collection of photographs in an attempt to identify the robbers. He was unable to do so on that occasion, but after the grocery had been robbed again, Holman was able to pick defendant's photograph out of a group of pictures he had not seen the first time. Subsequent to defendant's arrest, both Holman and Robinson viewed a five-man lineup, and they each independently identified the defendant as one of the robbers.

Upon a review for the sufficiency of the evidence, this Court will consider only that evidence of probative value which is favorable to the State, together with all reasonable inferences to be drawn therefrom. If such evidence establishes each necessary element of the crime charged beyond a reasonable doubt, the verdict will not be disturbed. *Baum* v. *State,* (1976) 264 Ind. 421, 345 N.E.2d 831. This Court will not judge the weight of the evidence or the credibility of the witnesses. *Rosell* v. *State,* (1976) 265 Ind. 173, 352 N.E.2d 750.

Defendant argues that the evidence identifying him as one of the robbers, at the scene of the crime and in possession of a gun, is equivocal and insubstantial, but we do not agree. He relies on this Court's holding in *Meadows* v. *State,* (1968) 252 Ind. 1, 238 N.E.2d 281. In that case, which was reversed for an insufficiency of evidence, the

only evidence of guilt was the uncorroborated and equivocal testimony of the prosecuting witness. The prosecuting witness was a mental patient who alternately stated that Defendant did and did not commit the act of sodomy. The reversal was merely an application of Indiana's rule that a mere scintilla of evidence will not sustain a conviction.

In the instant case, both eye-witnesses positively, and independently, identified the defendant. Although there was no direct evidence that Defendant was armed, there was ample circumstantial evidence from which it would be reasonably inferred that he carried a gun. Ind. Code § 35-12-1-1 states, "Any person who * * * commits * * * any felony armed with any dangerous or deadly weapon, *or while any other person is present and aiding or assisting in committing * * * such felony is armed * * ** shall be guilty of a separate felony." (Emphasis added). *See also, George* v. *State,* (1969) 252 Ind. 344, 247 N.E.2d 823; *Roberts* v. *State,* (1964) 245 Ind. 185, 197 N.E.2d 304.

Defendant also contends that the State's evidence was not sufficient to withstand his alibi evidence, which was not directly rebutted. The State, however, does not bear the burden to directly rebut a defendant's alibi. Rather, the jury is warranted in disbelieving an alibi if the State's evidence in chief is such as to render the disbelief reasonable. *Casterlow* v. *State,* (1971) 256 Ind. 214, 267 N.E.2d 552.

## ISSUE II

Defendant claims that his sentences of ten years for one armed robbery conviction and twenty years for the other, were arbitrary and capricious. He argues that Ind. Code § 35-4.1-4-9 (Burns 1975), which provides:

"No defendant convicted of a felony shall be sentenced before a written presentence report is prepared by a probation officer and considered by the sentencing court * * *."

should be applied when the sentence is determined by the jury, as well as when it is determined by the judge. In essence, he makes the same argument as was made in the recent case of *Pulliam* v. *State*, (1976) 264 Ind. 381, 345 N.E.2d 229. We there held contrary to his position, saying:

> "(A) defendant has no inherent right to have a presentence report prior to his sentencing. This is a privilege which the legislature has granted defendants tried before a judge and which it has necessarily denied those defendants tried before a jury." 345 N.E.2d at 242.

### ISSUE III

Toward the finish of Defendant's case-in-chief, defense counsel requested to have a hearing outside the presence of the jury. After the jury was excused from the courtroom, he stated for the record that he had advised the defendant not to testify, but that Defendant wished to disregard the advice, and that he wished to take the stand. The trial judge questioned the defendant concerning his decision, verified his understanding that there was no compulsion to testify, and affirmed that it was, nevertheless, his wish to testify.

With the question apparently settled, the jury was recalled. When the jury was seated, however, defense counsel stated that the defense would rest its case. Counsel then stated that the defendant had changed his mind, and he requested the defendant to state for the record that he chose *not* to testify. Defendant replied, "I do, because I didn't understand what you had said." The jury was immediately excused from the courtroom and the confusion was resolved. Defendant did not testify.

Defendant now argues that his statement before the jury was fundamental error, which can be raised for the first time on appeal, and which warrants reversal and a new trial. This is based upon the long line of Indiana cases which prohibit the State from commenting upon a defendant's failure to testify. *See, Lake* v. *State*, (1976)

264 Ind. 129, 340 N.E.2d 789; *Knopp* v. *State,* (1954) 233 Ind. 435, 120 N.E.2d 268; *Long* v. *State,* (1877), 56 Ind. 182. These cases are based upon a criminal defendant's constitutional and statutory rights not to be compelled to testify. No reasonable inference of guilt may arise from a defendant's refusal to take the stand, and no undue penalty may be placed upon the free exercise of a defendant's right to remain silent. *Lake* v. *State, supra.* Although Defendant's argument concerning the prejudice which may result from an improper comment upon the refusal to testify is correct and convincing, it is misplaced in this case.

The cases in Indiana on this topic present situations in which the prosecuting attorney made some comment concerning a defendant's failure to testify. Here, both the prosecutor and the trial judge were diligent in their attempt to conduct the discussion outside the jury's presence. Defense counsel specifically requested the defendant to state for the record that he chose not to testify. Although it seems clear that counsel did so in order to protect himself from a subsequent charge of incompetence, it must be assumed that he knew of the right to discuss the matter outside the jury's presence. With that assumption, Defendant made a voluntary waiver of a known right, and any error is not preserved for review.

Futhermore, Defendant's statement, "I do, because I didn't understand what you had said," is harmless. It is, in fact, meaningless. There was no peril that the jury would be improperly influenced upon hearing Defendant's statement.

We find no reversible error. The judgment of the trial court is affirmed.

Givan, C.J., DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 372 N.E.2d 1182.