Carl Fletcher DOOLEY, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 179S26.

Supreme Court of Indiana.

Aug. 24, 1979.

Melvin Reed, Lark, Reed & Chamblee, P. C., South Bend, for appellant.

Theodore L. Sendak, Atty. Gen. of Indiana, Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

. Defendant, Carl Fletcher Dooley, was convicted by a jury of rape, Ind.Code § 35–13–4–3 (Burns 1975), and burglary in the first degree, Ind.Code § 35–13–4–4 (Burns 1975), and was sentenced to a twenty-year determinate term and a ten-to-twenty-year indeterminate sentence respectively. The trial judge merged the indeterminate sentence into the twenty-year determinate sentence and, consequently, did not issue a separate order of commitment on the charge of first-degree burglary.

The defendant raises essentially two errors on appeal. However, because of the result reached here, we consider only whether the trial court erred in permitting the prosecuting attorney to comment upon defendant's failure to testify at trial.

The facts relevant to this issue consist only of the following exchanges which took place during the prosecuting attorney's final argument:

[MR. BIDDLECOME:] "Let's also consider this. The testimony of Donna Drudge has not been controverted in any way by other evidence. Mr. Reed is constrained to admit that a burglary or a rape did take place at her home that evening. That has never been challenged.

"I have cautioned you in the past and I caution you now. You may not draw any inference of guilt or anything else whatsoever from the fact that Carl Dooley did not testify in this cause."

MR. REED: "Your honor, may we approach the bench." [At which time parties approached the bench.]

MR. BIDDLECOME: "You can however infer, ladies and gentlemen, something from the fact that nobody else got up and told you where Carl Dooley was that night.

"Indiana has a statutory defense of alibi—"

MR. REED: "Your honor, I object."

MR. BIDDLECOME: "On what basis?" [Parties approached the bench.]

THE COURT: "Objection is sustained."

The trial court gave the jury no prompt admonishment to disregard the prosecutor's statements to which defendant properly objected. At no time did the trial court instruct the jury on the matter of defendant's failure to testify.

Such comments are subject to scrutiny under the federal constitution. The United States Supreme Court, in striking down a provision in the California Constitution which allowed prosecutorial and judicial comment on a defendant's failure to testify, stated:

"For comment on the refusal to testify is a remnant of the 'inquisitorial system of criminal justice,' *Murphy v. Waterfront Comm'n*, 378 U.S. 52, 55, 84 S.Ct. 1594, 12 L.Ed.2d 678, 681, which the Fifth Amendment outlaws. It is a penalty imposed by courts for exercising a constitutional privilege. It cuts down on the privilege by making its assertion costly." *Griffin v. California*, (1965) 380 U.S. 609, 614, 85 S.Ct. 1229, 1232–3, 14 L.Ed.2d 106, 109–10.

Ind.Code § 35–1–31–3 (Burns 1975) provides in relevant part:

"The defendant, to testify in his own behalf. But if the defendant do [sic] not testify, his failure to do so shall not be commented upon or referred to in the argument of the cause, nor commented upon, referred to, or in any manner considered by the jury trying the same; and it shall be the duty of the court, in such case, in its charge, to instruct the jury as to their duty under the provisions of this section."

This Court has consistently construed this statute to mean that:

"When a defendant in a criminal cause declines to testify in his own behalf, absolute silence on the subject is enjoined on counsel in their argument on the trial . . . ." *Long v. State* (1877) 56 Ind. 182, 186; *Rowley v. State*, (1972) 259 Ind. 209, 212, 285 N.E.2d 646, 647.

In *Long*, the prosecutor commented that he "would have been pleased to have heard from the other [side]." 56 Ind. at 185. In *Rowley*, the prosecutor made the remark that there had been not "one bit" of evidence from the witness stand that indicated the defendant was not guilty. In both cases this Court reversed the convictions based on the prosecutor's comments. In other cases, reversal has not been warranted when another defense witness's credibility is attacked by the prosecutor on final argument, *Lake v. State*, (1976) 264 Ind. 129, 340 N.E.2d 789, or when the prosecutor's remarks are in response to attacks on the credibility of state's witnesses and when the defendant did put on witnesses in his case-in-chief. *Ross v. State*, (1978) Ind., 376 N.E.2d 1117; *Fortson v. State*, (1978) Ind., 379 N.E.2d 147. In *Ross*, we noted that unless it appears that there are witnesses other than the defendant who have denied or contradicted the evidence against him, any direct or indirect reference to the defendant's failure to testify has been strictly regarded as an impingement of his constitutional and statutory rights not to testify.

■ In the case at bar, the defendant rested after the state's case, putting no witnesses on the stand. We are not swayed by the prosecuting attorney's clumsy attempt to distinguish between the defendant's silence, which the jury cannot consider, and "the fact that nobody else got up . . ." and offered evidence of alibi on defendant's behalf. We find that *Rowley v. State, supra,* is controlling here.

While the trial court properly sustained defendant's objection, the failure to promptly admonish the jury constituted reversible error. *Moore v. State* (1977) Ind., 369 N.E.2d 628; *Clark v. State* (1978) Ind., 380 N.E.2d 550. Although an instruction at the end of the trial cannot take the place of a prompt admonishment, *Rowley v. State, supra,* the trial court here did not give any instruction on the issue whatsoever. Of course, we are mindful that an instruction on this matter cannot be given over defendant's objection. *Gross v. State,* (1974) 261 Ind. 489, 306 N.E.2d 371; *Hill v. State,* (1978) Ind., 371 N.E.2d 1303.

■ The state contends that the court's sustaining of defendant's objection coupled with the prosecutor's earlier admonition adequately fulfilled the requirements of Ind. Code § 35–1–31–3 (Burns 1975) and the case law construing that statute. We do not agree.

Admonitions and instructions to be given to the jury are not the province of the prosecuting attorney. They must come from the judge, an impartial source not involved in trial advocacy. In fact, we find the prosecutor's "admonition" itself to be an improper comment on defendant's decision not to testify. It came after another improper comment, "The testimony of Donna Drudge has not been controverted in any way by other evidence." A jury can hardly be influenced by an advocate's admonition regarding his own prejudicial remark. Furthermore, the prosecutor, after a discussion at the bench, followed his own "admonition" with yet another comment on defendant's silence—that "nobody else got up" and offered evidence of alibi. As the prosecutor started to explain the statutory defense of

alibi, defense counsel objected and, after another bench conference, the objection was sustained.

■ The state further asserts that defendant should not prevail on this issue because he failed to request the court to admonish the jury or strike the comments from the record. The record is not complete in this regard. We do not know what occurred during the two bench conferences. Of course, we will not assume that the defendant made a request for admonishment absent appearance of same in the record. It is the duty of the party alleging error to present this Court with a proper record. *Buchanan v. State,* (1975) 263 Ind. 360, 332 N.E.2d 213; *Pulliam v. State,* (1976) 264 Ind. 381, 345 N.E.2d 229.

However, we agree with the opinion of the Court of Appeals in *Bland v. State,* (1973) 158 Ind.App. 441, 303 N.E.2d 61. In a caveat added to a reversal on this issue, Judge Robertson noted:

"The action of this court, in deciding this issue as presented by the facts of the case, could at first blush be understood as sanctioning something akin to invited error in that there was no request for admonishment of the jury or for withdrawal of submission. *Griffin v. California, [supra],* leaves no doubt that the Fifth Amendment, via the Fourteenth Amendment, forbids comment by the prosecution on the accused's silence in the courts of the several states. We are of the opinion our options are eliminated when choosing between the proper procedural aspects of this case, i. e., failure to seek the approved method of correcting error, and the Fifth Amendment rights of the defendants." 158 Ind.App. at 444–5, 303 N.E.2d at 63.

The tenor of the decisions of this Court would indicate that a specific request for admonishment is not required to preserve this error for appeal. We believe that there was fundamental error in the case at bar.

For the foregoing reasons, the judgment of the trial court is reversed and remanded

with the instruction to grant defendant a new trial.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.