Randell DEW, a/k/a Aaron
Dew, Appellant,

v.

STATE of Indiana, Appellee.

No. 182S20.

Supreme Court of Indiana.

Sept. 14, 1982.

Robert A. Orlich, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of confinement, robbery and burglary. He was sentenced to three terms of twenty years to be served concurrently. Appellant appealed the judgment to this Court. We reversed his conviction in *Dew v. State,* (1981) Ind., 416 N.E.2d 1245 and remanded for a new trial. Appellant was again convicted of the same offenses and sentenced to three twenty year concurrent terms.

The record discloses appellant's car struck a car driven by Brenda Evans with her daughter as a passenger. When Evans and appellant were inspecting the damage done to the vehicles, appellant drew a gun. He forced Evans into her car and demanded that she empty her purse. He ordered her daughter into his car which was driven by a companion. Both cars were then driven to the Evans' home where Mrs. Evans, her daughter and her husband were tied up. Appellant took the car, television, stereo equipment as well as other items.

Appellant first claims the burglary conviction is not supported by sufficient evidence. Appellant contends there is an evidentiary inadequacy on the essential element of breaking because the victim opened the door to her home with her keys. He concedes this issue is not one of first impression. In *Moore v. State,* (1977) 267 Ind. 270, 369 N.E.2d 628, this Court held that "by forcing the victim at gunpoint to un-

lock the door and let him into the house, appellant was as guilty of breaking as if he had taken the keys from her hand and unlocked the door himself." *Moore, supra,* at 632.

 Appellant argues that *Moore* is erroneous because of its reliance on *Workman v. State,* (1939) 216 Ind. 68, 21 N.E.2d 712, 23 N.E.2d 419 for the common law proposition that one who causes an act to be committed by an innocent agent was guilty of the act himself. Appellant argues the rule in *Workman* was that one who caused a crime to be committed by an innocent agent was deemed to be guilty of the crime as a principal and not that one was held to be guilty of an act done by an innocent agent. He reasons the act of opening one's own door is not an illegal act nor a crime. Consequently, the act cannot be imputed to the defendant. Unconvinced by appellant's argument, we uphold our decision in *Moore* that when access is accomplished by threatening the victim with force to unlock the door and allow entry, a breaking as an essential element of burglary, has occurred.

Appellant claims the trial court erred in denying his motion for mistrial based on allegedly impermissible in-court identification testimony. Although appellant objected to the admission of the testimony during trial, he failed to raise it in his motion to correct errors for the trial court's consideration. He has, therefore, waived appellate review of this issue. *Hooks v. State,* (1980) Ind., 409 N.E.2d 618.

Appellant claims the verdict is unsupported by sufficient identification evidence. Under our standard of review, we will not reweigh the evidence nor judge the credibility of witnesses. *Williams v. State,* (1980) Ind., 406 N.E.2d 241. The record reveals Mr. and Mrs. Evans positively identified appellant as the perpetrator of the offenses. They both testified they had ample opportunity to view appellant in well-lighted conditions at close range. The testimony of a single eyewitness can be sufficient to sustain a conviction. *Pavone v. State,* (1980) Ind., 402 N.E.2d 976.

The trial court is in all things affirmed.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.