Sammy MARSHALL, Appellant,

v.

STATE of Indiana, Appellee.

No. 382S74.

Supreme Court of Indiana.

May 5, 1983.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of Robbery, a Class A felony, and Confinement, a Class B felony. He was sentenced to twenty (20) years and six (6) years to be served concurrently.

Appellant claims the evidence is insufficient to support his convictions. He specifically argues the State failed to prove he had the requisite intent to rob or confine the victim, Mr. Rachell.

Under our standard of review, this Court will not weigh the evidence or judge the credibility of witnesses. *Dew v. State,* (1982) Ind., 439 N.E.2d 624.

The record reveals Rachell drove a friend to her home. He waited in his car until she safely entered her residence. A man, later identified as appellant, approached Rachell requesting a ride. Two men entered the back seat of Rachell's car as they threatened him. As appellant entered the passenger side of the car, Rachell noticed he was holding a hammer. Rachell was directed to stop the car. One of the assailants began driving. With Rachell between the driver and appellant, appellant demanded money and displayed the hammer. A five and a one dollar bill were taken from Rachell's wallet. Appellant took Rachell's watch. He struck his victim with the hammer several times on the shoulders and legs. As appellant began removing Rachell's jacket, Rachell got a three inch folding knife from his pants pocket. He was simultaneously struck in the back of his shoulders. The assailant in the back seat struck the victim in the nose. Rachell stabbed this man twice. At this point appellant ceased hitting Rachell on the legs with the hammer and attempted to flee. As appellant hit Rachell in the back of the head, Rachell stabbed him in the chest. The assailant fled the scene.

Rachell sought treatment at a hospital emergency room for cuts on the leg and head. After hearing that a man was being treated for a stab wound, Rachell reported the incident to the investigating officer. Rachell's watch was found in appellant's possession. A five dollar and two one dollar bills were in appellant's wallet. Rachell unequivocally identified appellant as the person who had robbed him and struck him with a hammer.

Appellant contends he was the victim of robbery during which he sustained a stab wound in the chest. When the evidence is in conflict, the jury is free to believe whomever they wish. *Kocher v. State,* (1982) Ind., 439 N.E.2d 1344. Appellant is inviting this Court to reweigh the evidence and credibility of witnesses which we decline to do. The above recited facts sufficiently support a reasonable inference of intent to rob and confine.

Appellant claims the evidence of bodily injury required to elevate robbery to a Class A felony is insufficient. He first alleges the evidence failed to establish he inflicted the injuries sustained by Rachell. This argument clearly fails. Rachell testified appellant struck him with a hammer.

Appellant additionally alleges the evidence was insufficient to prove Rachell sustained a "bodily injury." The victim testified he was struck several times with a hammer. Several stitches were required to close a head cut. He sustained a cut to the leg. Upon his release from the hospital emergency room, he received medication for pain. The evidence demonstrates Rachell sustained "bodily injury." *See, Brown v. State,* (1982) Ind., 435 N.E.2d 7.

Appellant requests that we review the injuries sustained by the victim in light of the serious injuries sustained by him. This contention is totally without merit. Appellant cannot escape criminal liability due to the injuries he sustained during the commission of an offense. When one undertakes the commission of a robbery he assumes the risk of encountering a victim who fights back.

The trial court is in all things affirmed.

All Justices concur.