Daniel E. DACK, Defendant-Appellant

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–1184A308.

Court of Appeals of Indiana,
Third District.

June 19, 1985.

James V. Tsoutsouris, Public Defender, Porter County, James A. Johnson, Chief Deputy, Portage, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

Daniel Dack was stopped by police for operating a motor vehicle with expired license plates. As a consequence of ensuing events he was charged with several Class A misdemeanors. He elected to represent himself in a trial to a jury. He was acquitted of resisting law enforcement but was convicted of driving while his license was suspended, possession of marijuana, and carrying a handgun without a permit.

Dack did not testify and called no witnesses on his behalf. At the beginning of his final argument the prosecutor told the jury:

> "This is a rare case where the individual failed to testify. You should not hold that against Mr. Dack. He has the constitutional right not to take the stand and he exercised that right. This is also a rare case in that given that Mr. Dack did not tender any testimony on the witness stand, my case stands pretty solid with respect to proving the elements of the charges beyond a reasonable doubt."

Dack offered no objection to the comment and there was no intervention by the court.

We do not believe the prosecutor was deliberately attempting to prejudice the jury by these remarks. Moreover, since any jury is plainly aware of the fact when an accused has not testified and is certainly subject to the ordinary human reaction of wondering about the absence of the accused's account of what occurred, we believe it probably to be least prejudicial to the accused for the court to instruct the jury on an accused's right to remain silent and its effect.

The law of Indiana, however, is otherwise. Our decisions have adopted the view that the risk is so substantial that the jury will view any such reference as a subtle invocation against the constitutional privilege, that no such instruction may be given over a defendant's objection. *Gross v. State* (1974), 261 Ind. 489, 306 N.E.2d 371.

As to prosecutorial comment, the established rule is that reversible error occurs where the prosecutor makes a statement in argument which directly or indirectly may be interpreted by the jury as comment on the accused's exercise of his rights. *Denton v. State* (1983), Ind., 455 N.E.2d 905; *Holland v. State* (1983), Ind., 454 N.E.2d 409; *Pitman v. State* (1982), Ind., 436 N.E.2d 74; *Barnes v. State* (1982), Ind., 435 N.E.2d 235; *Crosson v. State* (1980), 274 Ind. 247, 410 N.E.2d 1194; *Wofford v. State* (1979), 271 Ind. 518, 394 N.E.2d 100.[1]

Arguably, the prosecution comment could be taken at face value and deemed harmless since the jury was expressly told *not* to consider Dack's failure to testify. Such a ruling, however, would be at odds with the policy of the Indiana decisions and would ignore the potential for a reaction similar to that of a child when told not to step in a puddle. *Accord, Gross, supra.*

As to the procedural posture of the error, our Supreme Court has held such comments constitute fundamental error. *Dooley v. State* (1979), 271 Ind. 404, 393 N.E.2d 154. Moreover, it has been stated that in a criminal trial the court has an obligation to justice which requires that he direct the course of the trial and where an accused chooses to represent himself, the court should not permit the prosecutor "to secure the conviction of an accused by the use of tactics which prevent the achievement of a fair and just decision." *Grubbs v. State* (1970), 255 Ind. 411, 416, 265 N.E.2d 40, 43–44 (reversing conviction over introduction of inadmissible but unobjected-to evidence). (Hunter, C.J. and Jackson, J. concurring in result; Arterburn, J. concurring in result with opinion).

We conclude the error is available on appeal and that the prosecutor's remarks constituted impermissible comment upon Dack's exercise of his constitutional rights.

---

1. We are not here concerned with cases where a comment fairly addresses the testimony of defense witnesses, *Fortson v. State* (1978), 269 Ind. 161, 379 N.E.2d 147, or merely the strength of the state's case, *Johnson v. State* (1982), Ind., 436 N.E.2d 796.

The case is therefore reversed and remanded for a new trial.

Reversed.

STATON, P.J., and HOFFMAN, J., concur.