Bruce COLEMAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8605–PC–463.

Supreme Court of Indiana.

April 26, 1988.

Susan K. Carpenter, Public Defender, Indianapolis, William L. Touchette, Sp. Asst. Public Defender, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant appeals the denial of his post-conviction relief petition.

Appellant and two others were originally found guilty of First Degree Murder. That conviction was affirmed by this Court in *Coleman, et al. v. State* (1976), 265 Ind. 357, 354 N.E.2d 232. Appellant's sole contention in his petition for post-conviction relief was that the trial court committed fundamental error in failing to give an instruction to the jury concerning appellant's constitutional right to refrain from testifying.

Appellant concedes this issue has been decided in the case of *Parker v. State* (1981), Ind., 425 N.E.2d 628, 630, wherein this Court stated:

"In Indiana the choice of whether or not the trial court instructs the jury on the defendant's failure to testify belongs to the defendant. To preserve error on this issue, the defendant must request an instruction. *Hunt v. State* (1973), 260 Ind. 375, 381, 296 N.E.2d 116, 120 (footnote omitted). If the request is made, the trial court should advise the jury that it should not consider the defendant's failure to testify. *Carter v. Kentucky* (1981), 450 U.S. 288, 303–305, 101 S.Ct. 1112, 1121–22, 67 L.Ed.2d 241, 254; *Lucas v. State* (1980), 274 Ind. 635, 643, 413 N.E.2d 578, 583. If the trial court does not comply with the defendant's request, we will reverse the conviction, unless the State shows that the error was harmless beyond a reasonable doubt. *Lyda v. State* (1979), 272 Ind. 15, 23, 395 N.E.2d 776, 781. Conversely, the trial court may not give an instruction on the defendant's failure to testify over his timely objection. *Dooley v. State* (1979), 271 Ind. 404, 407–408, 393 N.E.2d 154, 156 (cases cited therein)."

Appellant invites us to reevaluate the *Parker* case, claiming that it should not pertain to the peculiar circumstances in appellant's case. We see nothing, however, in appellant's case to distinguish it from the usual situation. The question of whether or not to have a defendant in a criminal case testify in his own behalf is always a matter of tactical choice on the part of defense counsel. Once that choice is made, counsel has the additional responsibility of determining whether or not the jury should be instructed concerning the defendant's constitutional right to remain silent. Counsel must evaluate each case in an entirely subjective manner.

As stated in *Parker,* unless there is some evidence of gross neglect in this regard, we must assume trial counsel evaluated his situation and concluded that comment on the subject matter before the jury had more potential for harm than for good. We see no reason to deviate from *Parker* in this case.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.