Fred **WHITLOCK, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 42A01–9007–CR–310.

Court of Appeals of Indiana,
First District.

Aug. 21, 1991.

Robert Canada, Evansville, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

BAKER, Judge.

Defendant-appellant Fred Whitlock appeals his conviction of battery, a Class C felony.[1] He raises four issues on appeal, but because we find one of his claims warrants reversal, we need not discuss the other issues. Restated, the sole remaining issue for our review is:

Whether Whitlock was denied due constitutional protection when the prosecuting attorney made remarks during closing argument about Whitlock's failure to testify.

### STATEMENT OF THE FACTS

Fred Whitlock and the victim, Sara Carter, were involved in a romance that eventually failed. On June 23, 1989, after unsuccessful entreaties, Whitlock turned to violence. With a knife, he slashed her about the face and arms, which resulted in permanent disfigurement. On June 29, 1989, by way of information, the State charged Whitlock with attempted voluntary manslaughter.[2]

At his trial, Whitlock did not testify in his defense. During closing argument, while discussing Whitlock's state of mind, the prosecutor remarked "[t]he defendant doesn't have to testify, and that's under our system and that's okay...." *Supplemental Record* at 13.

No objection was made to these remarks. The trial court issued no admonitions to the jury at the time or during final jury instructions.

Ultimately, the jury convicted Whitlock of battery with a deadly weapon, and he was sentenced to seven years.

### DISCUSSION AND DECISION

■ The rule that a prosecutor may not comment on a defendant's failure to testify has constitutional underpinnings rooted in the Fifth Amendment. "The reason for imposing such restriction is to shelter the defendant from being penalized for exercising his constitutional privilege not to testify." *Parsons v. State* (1985), Ind., 472 N.E.2d 915, 917, *cert. denied,* 471 U.S. 1107, 105 S.Ct. 2342, 85 L.Ed.2d 857, citing *Griffin v. California* (1965), 380 U.S. 609, 614, 85 S.Ct. 1229, 1232–33, 14 L.Ed.2d 106, 109–110. "The general rule is that any comment which is subject to interpretation as a comment upon the accused's failure to testify is impermissible as an impingement on his constitutional and statutory rights not to testify." *Hill v. State* (1988), Ind., 517 N.E.2d 784, 788. Any comment which directly or even indirectly may be interpreted by the jury as comment on the accused's exercise of his rights is reversible error. *See Denton v. State* (1983), Ind., 455 N.E.2d 905; *Holland v. State* (1983), Ind., 454 N.E.2d 409. It is reversible even absent contemporaneous objection, as was the case here, because "our Supreme Court has held such comments constitute fundamental error." *Dack v. State* (1985), Ind.App., 479 N.E.2d 96, 97, citing *Dooley v. State* (1979), 271 Ind. 404, 393 N.E.2d 154.

Thus, when a prosecutor remarked during closing argument that "he would have been pleased to have heard from the other side," *Long v. State* (1877), 56 Ind. 182, 185, or that there had "not been one bit of evidence from the witness stand that indicated the defendant was not guilty," *Rowley v. State* (1972), 259 Ind. 209, 211, 285 N.E.2d 646, 647, we have found reversible error. The proscription against comment is so strong that even when the prosecutor tells the jury *not* to consider a defendant's failure to testify, reversal is warranted, because this still calls the jury's attention to the fact, even when the defendant raised no objection. *Dack* at 97 ("This is a rare case where the individual failed to testify. You should not hold that against Mr. Dack").

---

1. IND.CODE 35–42–2–1(3).

2. IND.CODE 35–42–1–3(a); IND.CODE 35–41–5–1.

[2]  We fail to see in the case at bar how the prosecutor's remark is anything other than a comment on Whitlock's failure to take the stand and testify.  The State argues the cited quote is "taken out of context" and it "w[as] not [a] comment upon silence, but rather, w[as] [an] acknowledgement[ ] that proving intent, short of admissions by the accused, is very difficult indeed."  *Appellee's Brief* at 8.  While we agree that proving intent without direct statements from the defendant can be difficult, it is apparent that the statement, "The defendant doesn't have to testify," is a direct remark calling the jury's attention to the fact that Whitlock did not testify.  For that reason, the prosecutor's comment was improper and warrants reversal and a new trial.

Because Whitlock was acquitted of the greater charge of attempted voluntary manslaughter, upon retrial he may only be charged with the lesser included offense of battery.

Reversed and remanded.

RATLIFF, C.J., and ROBERTSON, J., concur.