Jesse **REYNOLDS**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A05–0210–CR–508.

Court of Appeals of Indiana.

Oct. 27, 2003.

Sarah L. Nagy, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Jesse Reynolds appeals his convictions for attempted murder,[1] a Class A felony, and burglary resulting in bodily injury,[2] a Class A felony. He presents the following issues for our review:

I. Whether the trial court properly allowed evidence of an incident occurring four days before the shooting involving Reynolds, his ex-girlfriend, and the owner of the home where the victim was shot for the purpose of establishing motive.

---

1. *See* IC 35–42–1–1; 35–41–5–1.

2. *See* IC 35–43–2–1.

II. Whether the State engaged in prosecutorial misconduct by commenting in closing argument about Reynolds's invocation of the Fifth Amendment at trial during cross-examination.

III. Whether the trial court erred by refusing to admit evidence concerning an incident allegedly involving an altercation at a bar where the victim had been.

We reverse and remand for a new trial.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the judgment reveal that in the evening of February 18, 2002, Rachel Brooks, who had previously ended a ten-year relationship with Reynolds, was visiting her new boyfriend, Aaron Boyd, at his home when Reynolds came to the door. Brooks answered the door, talked with Reynolds, who was upset about her new relationship, and allowed Boyd to escort Reynolds out of the home after several minutes, locking the door behind him. Almost immediately, Reynolds kicked open the door, and a fight broke out, which resulted in Reynolds hitting Brooks with his fist. As Boyd shoved Reynolds out the door, Reynolds threatened him by saying, "oh, [racial epithet deleted], I got something for you," implying that he had a weapon. *Transcript* at 91. Reynolds went to his car and returned to the house, but Boyd and Brooks had already fled. Reynolds was arrested and charged with residential entry and battery.

Several days later, Foster Davis, who was living at the Boyd residence following the February 18 incident, came home from a nightclub and noticed the back door had been forced open and that a bedroom was ransacked. Rather than calling police or notifying Boyd, Davis secured the door and went to bed. Davis was awakened early in the morning by the sound of someone opening the door. He got out of bed when he heard someone in the house and was confronted by Reynolds pointing a gun at him. Reynolds then shot Davis repeatedly. Davis was eventually taken to the hospital and treated for his wounds, which included the removal of a kidney.

Reynolds was subsequently arrested and charged with attempted murder and burglary resulting in serious bodily injury. A jury returned a verdict of guilty on these counts. Reynolds now appeals.

## DISCUSSION AND DECISION

Reynolds asserts that he was denied a fair trial because the trial court violated Indiana Evidence Rule 404(b) by erroneously allowing the State to admit evidence of a prior bad act, which consisted of the State eliciting testimony about the February 18 incident. He maintains that the prejudicial effect of this evidence outweighed its probative value because he was forced to choose between: 1) invoking his Fifth Amendment right on the stand during the trial, thus appearing guilty by not answering the State's questions about breaking into Boyd's home and hitting Brooks and 2) not invoking the Fifth Amendment, answering the questions, and prejudicing himself in the pending case against him. We disagree.

■■■ The evidentiary rulings of a trial court are afforded great deference and are reversed on appeal only upon a showing of an abuse of discretion. *Herrera v. State*, 710 N.E.2d 931, 935 (Ind.Ct.App.1999). Evid. R. 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, iden-

tity, or absence of mistake or accident." Rule 404(b) "is designed to prevent the jury from making the 'forbidden inference' that prior wrongful conduct suggests present guilt." *Byers v. State,* 709 N.E.2d 1024, 1026–27 (Ind.1999).

■ The standard for assessing the admissibility of 404(b) evidence is: (1) the court must determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act; and (2) the court must balance the probative value of the evidence against its prejudicial effect pursuant to Ind. Evid. Rule 403. *Boone v. State,* 728 N.E.2d 135, 137–38 (Ind.2000); *Hicks v. State,* 690 N.E.2d 215, 221 (Ind.1997). The evidence is inadmissible when the State offers it only to produce the "forbidden inference" that the defendant has engaged in other misconduct and the charged conduct was in conformity with the misconduct. *Crain v. State,* 736 N.E.2d 1223, 1235 (Ind.2000) (citing *Hicks,* 690 N.E.2d at 219). The trial court has wide latitude in balancing the probative value of the evidence against the possible prejudice of its admission, and its ruling will only be reviewed for an abuse of discretion. *Id.*

■ Here, the trial court did not abuse its discretion and did not deprive Reynolds of a fair trial by allowing the State to introduce evidence concerning the February 18 incident. The February 18 incident involving Reynolds, Boyd, and Brooks was relevant to prove identity and motive, which were both at issue, and its probative value outweighed any unfair prejudice to Reynolds. The incident that occurred four days prior to the shooting of Davis explains why Reynolds, armed with a gun, went to Boyd's home. Further, the trial court admonished the jury, during Boyd's testimony and again during Reynolds's testimony, that it was to consider the evidence relevant only in respect to an alleged or potential motive that Reynolds may have had. *Transcript* at 87, 365. Accordingly, we find no error.

Reynolds next claims that the prosecutor engaged in prosecutorial misconduct by making improper comments during closing argument about the fact that Reynolds had invoked his Fifth Amendment right against self-incrimination on the stand and implied that he had something to hide by choosing to do so. Specifically, Reynolds objects to the following comments:

> Was [sic] Aaron and Rachel both lying? He takes the 5th Amendment. You take the 5th Amendment when you got something to be concerned about. Incriminating yourself. 5th Amendment. My constitutional right not to incriminate myself. That's what that means. So in order for that to apply you have to have done something to incriminate yourself.

*Transcript* at 502.

■ When reviewing a claim of prosecutorial misconduct, we employ a two-step analysis. We must first consider whether the prosecutor engaged in misconduct. *Sanders v. State,* 724 N.E.2d 1127, 1131 (Ind.Ct.App.2000). We then consider all the circumstances of the case to determine whether the misconduct placed the defendant in a position of grave peril to which he should not have been subjected. *Id.* However, "[t]he gravity of the peril is determined by considering the probable persuasive effect of the misconduct on the jury's decision, rather than the degree of the impropriety of the conduct." *Id.*

■ A defendant waives appellate review of the issue of prosecutorial misconduct when he fails to immediately object, request an admonishment, and then move for mistrial. *Wiggins v. State,* 727 N.E.2d 1, 10 (Ind.Ct.App.2000), *trans. denied.*

*See also Robinson v. State,* 693 N.E.2d 548, 552 (Ind.1998) (failure to request an admonishment or a mistrial following alleged prosecutorial misconduct results in waiver of the issue on appeal).

Here, Reynolds objected to the alleged prosecutorial misconduct, which was overruled by the trial court. The State argues that this issue is waived because he did not request an admonishment or move for a mistrial following the trial court's ruling. However, when an improper statement by the prosecutor amounts to fundamental constitutional error, no request for admonition is required. ROBERT LOWELL MILLER, 12 INDIANA PRACTICE, INDIANA EVIDENCE § 103.116 (2d ed.). In such cases, the trial court must admonish the jury to disregard the comment. *Id.* (citing *Dack v. State,* 479 N.E.2d 96, 97 (Ind.Ct.App.1985), *trans. denied* (the established rule is that fundamental, reversible error "occurs where the prosecutor makes a statement in argument which directly or indirectly may be interpreted by the jury as comment on the accused's exercise of his rights")). If adhering to the normal rules of appellate procedure would result in the waiver of an error which is so harmful that it operates to deny the appellant fundamental due process, an appellate court may " 'by-pass those rules.' " *Rogers v. State,* 272 Ind. 65, 73, 396 N.E.2d 348, 353 (1979) (quoting *Henderson v. State,* 271 Ind. 633, 636, 395 N.E.2d 224, 227 (1979)).

Fundamental error is a substantial blatant violation of basic principles rendering the trial unfair and depriving the defendant of fundamental due process. *Ellison v. State,* 717 N.E.2d 211, 213 (Ind. Ct.App.1999), *trans. denied* (citing *Charlton v. State,* 702 N.E.2d 1045, 1051 (Ind. 1998)). The error must have so prejudiced the rights of a defendant that a fair trial was impossible. *Charlton,* 702 N.E.2d at

1051. A criminal defendant has a fundamental constitutional right to exercise his privilege against self-incrimination without adverse inference or comment at trial. *Resnover v. State,* 507 N.E.2d 1382, 1388 (Ind.1987) (citing *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965)). "The Fifth Amendment privilege against compulsory self-incrimination is violated when a prosecutor makes a statement that is subject to reasonable interpretation by a jury as an invitation to draw an adverse inference from a defendant's silence." *Moore v. State,* 669 N.E.2d 733, 739 (Ind.1996).

Here, the comments made by the prosecutor were improper. The State, however, argues that there was no clear, blatant violation of elementary principles that render the outcome of Reynolds's trial unreliable and points to the following facts to support its argument. Reynolds invoked his Fifth Amendment privilege against self-incrimination after first denying that he broke into the house and hit Brooks with his fist. The State then asked him if he hit Brooks with his fist or not, to which he exercised his Fifth Amendment privilege. Yet, several questions later, Reynolds admitted that he "swung" and that "she did get it." *Transcript* at 364. Thus, according to the State any harm in referring to Reynolds's prior invocation was minimal given that he chose to admit hitting Brooks rather than again asserting his right against self-incrimination. Moreover, the State argues that it presented substantial evidence of Reynolds's guilt. Therefore, it maintains that Reynolds has not demonstrated that the prosecutor's conduct amounts to fundamental error. We disagree.

The prosecutor's argument included a direct comment upon Reynolds's exercise of his right against self-incrimination. As discussed above, such comment

amounts to fundamental error. The reasoning employed in *Bland v. State*, 158 Ind.App. 441, 444–45, 303 N.E.2d 61, 63 (1973) is equally applicable here:

> *Griffin v. California*, leaves no doubt that the Fifth Amendment, via the Fourteenth Amendment, forbids comment by the prosecution on the accused's silence in the courts of the several states. We are of the opinion our options are eliminated when choosing between the proper procedural aspects of this case, i.e., failure to seek the approved method of correcting error, and the Fifth Amendment rights of the defendants.

As noted by Reynolds, the prosecutor's statement "was a deliberate statement to draw the jury's attention [to] the fact that [he] chose to plead the Fifth." *Appellant's Brief* at 8. It is misconduct for a prosecutor to request the jury convict a defendant for any reason other than his guilt. *Coleman v. State*, 750 N.E.2d 370, 375 (Ind. 2001). We finally note that an accused's "liberty should not so often depend upon our struggle with the particular circumstances of a case to determine from a cold record whether or not the prosecutor's remarks were harmless. The remarks, harmless or not, infringing on such a basic and elementary constitutional underpinning of our justice system, simply should not occur." *United States v. Rodriguez*, 627 F.2d 110, 112 (7th Cir.1980) (reversal warranted where prosecutor commented to jury that defendant had been "very quiet" throughout trial). Based upon the foregoing, we conclude that there was fundamental error. Accordingly, the judgment of the trial court is reversed, and the case is remanded for a new trial.

 Reynolds finally claims that the trial court erred in refusing to allow him to present evidence concerning an incident that occurred at a nightclub prior to the shooting and the testimony of Ladarrin Roberts that someone else allegedly confessed to shooting Davis. Reynolds maintains that the trial court prevented him from presenting a defense. We do not agree. Not only is Roberts's testimony that someone else allegedly confessed to the crime hearsay, but the testimony with respect to Davis's involvement in an incident at the nightclub is irrelevant, especially given the lack of certainty as to his involvement in and proximity to the alleged altercation. The evidence presented in Reynolds's offer of proof would have established that, at the most, Davis was seen in the vicinity of the altercation. There is no evidence indicating anyone had a reason or motive to shoot Davis following the incident. Given the nature of the evidence presented to the trial court during the offer of proof, it did not err in excluding the introduction of evidence at trial.

Reversed and remanded for a new trial.

BAILEY, J., and VAIDIK, J., concur.