**Robert G. KEYS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0312–CR–1109.**

Court of Appeals of Indiana.

July 19, 2004.

---

Frederick Vaiana, Voyles, Zahn, Paul, Hogan & Merriman, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Chief Judge.

Robert G. Keys appeals his conviction for operating a vehicle with a blood alcohol content of over .08% and less than .15%,[1] a Class C misdemeanor, raising the following issue for review: whether exposure to second-hand cigarette smoke within twenty minutes of the administration of a chem-

ical breath test invalidates the test results as a matter of law.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 1, 2003, Sergeant Jan Kistler of the Marion County Sheriff's Department observed a vehicle disregard a traffic signal, and he initiated a traffic stop. Kistler noticed that the driver, Keys, smelled of alcohol and had slurred speech and glassy eyes. He administered a series of field sobriety tests, which Keys failed, and offered Keys a chemical breath test. Keys consented, and Kistler placed him in the back of his patrol car to transport him to the test site. While transporting Keys, Kistler smoked a cigarette. They arrived at the test site within ten minutes, and Kistler administered the test. The test results indicated that Keys had a blood alcohol content of .10%. Keys was charged with operating a vehicle while intoxicated and operating a vehicle with a blood alcohol content of between .08% and .15%.

At the bench trial, Keys objected to the admission of the results of the chemical breath test, arguing that his exposure to smoke from Kistler's cigarette invalidated the test results. The trial court admitted the test results over Keys's objection, and Keys was convicted of the blood alcohol charge, but acquitted of the operating while intoxicated charge. He now appeals.

## DISCUSSION AND DECISION

Keys contends that the trial court erred in admitting the results of the chemical breath test that Kistler administered. The evidentiary rulings of a trial court are afforded great deference on appeal and are overturned only upon a showing of an

---

1. *See* IC 9–30–5–1.

abuse of discretion. *Reynolds v. State,* 797 N.E.2d 864, 867 (Ind.Ct.App.2003); *Herrera v. State,* 710 N.E.2d 931, 935 (Ind.Ct. App.1999). A trial court's decision to admit evidence will not be reversed absent a showing of a manifest abuse of the trial court's discretion resulting in the denial of a fair trial. *Herrera,* 710 N.E.2d at 935.

Keys argues that his exposure to second-hand smoke from Kistler's cigarette violates the regulations governing the administration of chemical breath tests and renders the test results inadmissible as a matter of law. IC 9–30–6–5(d) provides that the results of a chemical breath test are inadmissible unless the test operator, the test equipment, and the chemicals and techniques used in the test are approved by regulation. The regulation provides:

> "The following is the approved method to conduct a B.A.C. Datamaster with keyboard test for alcohol intoxication:
>
> (1) The person to be tested must have had nothing to eat or drink, must not have put any foreign substance in his or her mouth or respiratory tract, and must not smoke within twenty (20) minutes prior to the time a breath sample is taken."

260 IAC 1.1–4–8. Keys contends that the regulations were not followed in this case because he ingested the second-hand cigarette smoke and that the results are therefore inadmissible.

The regulation, however, specifically spells out prohibited activities: eating, drinking, smoking, and placing foreign substances in the mouth. It does not prohibit exposure to second-hand smoke. Presumably, because certain activities are specifically mentioned, had second-hand smoke exposure been intended to be a prohibited activity, it would have been mentioned as well. *See State v. Willits,* 773 N.E.2d 808, 813 (Ind.2002) (enumeration of certain items or words creates implication that other items or words not so specified or enumerated are excluded). Exposure to second-hand smoke is not the equivalent of smoking and is not specifically prohibited. Accordingly, the test results were admissible, and the trial court did not err.[2]

This conclusion notwithstanding, Keys could have challenged the evidence on reliability grounds by presenting evidence, such as expert testimony, that showed that exposure to second-hand smoke renders chemical breath test results unreliable. He failed to do so. Although much has been written about the implications of exposure to second-hand cigarette smoke, we have no evidence in the record before us of any reason such exposure would interfere with a chemical breath test. Nonetheless, we note that it would be a better practice for law enforcement officers transporting suspects for chemical breath tests to refrain from smoking.

Affirmed.

NAJAM, J., and RILEY, J., concur.

---

2. Keys relies on our recent decision in *Guy v. State,* 805 N.E.2d 835 (Ind.Ct.App.2004), where we interpreted the requirement in the regulation that no foreign substance be put in the subject's mouth. However, at trial, counsel stated "[t]his is not a foreign substance objection." *Transcript* at 19. Thus, we find *Guy* inapposite to Keys's argument.