Frank P. BARBERA, Appellant–
Defendant,

v.

AIS SERVICES, LLC, as Assignee of
MBNA America Bank, N.A.,
Appellee–Plaintiff.

No. 45A05–0803–CV–159.

Court of Appeals of Indiana.

Nov. 26, 2008.

Nicholas K. Rohner, Weltman, Weinberg & Reis Co., L.P.A., Cincinnati, OH, Attorney for Appellee.

Frank P. Barbera, Hobart, IN, Appellant pro se.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Frank P. Barbera, pro se, appeals from the trial court's judgment confirming an arbitration award in favor of AIS Services, LLC, as assignee of MBNA America, N.A. ("AIS"). Barbera presents a single issue for review: whether the trial court erred when it refused to vacate the arbitration award for insufficient service of process.

We reverse.

### FACTS AND PROCEDURAL HISTORY

On July 1, 2006, AIS filed an arbitration claim in the National Arbitration Forum ("NAF") against Barbera to recover sums due under the terms of a credit card agreement ("the Agreement") between Barbera and AIS. The Agreement provides, in relevant part:

This Agreement is made in Delaware.

\* \* \*

Any claim or dispute ("Claim") by either you or us against the other, or against the employees, agents, or assigns of the other, arising from or relating in any way to this Agreement or any prior Agreement or your account (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory or equitable relief), including Claims regarding the applicability of this Arbitration Section or the validity of the entire Agreement or any prior Agreement, shall be resolved by binding arbitration.

The arbitration shall be conducted by the national Arbitration Forum ("NAF") under the Code of Procedure in effect at the time the Claim is filed[.] . . .

\* \* \*

This arbitration agreement is made pursuant to a transaction involving interstate-commerce and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1–16 ("FAA"). Judgment upon any arbitration award may be entered in any court having jurisdiction.

Appellant's App. at 8, 52.

On August 25, 2006, via Federal Express, AIS sent a copy of the arbitration claim to Barbera at his home address, 2610 W. 49th Avenue, Hobart, Indiana 46342. The NAF had sent a second notice of arbitration to Barbera's home address via regular mail. Arbitration proceeded before an NAF arbitrator, but Barbera was not present. On October 3, 2006, the arbitrator entered an arbitration award in favor of AIS against Barbera in the amount of $16,751.83.

On October 1, 2007, AIS filed its petition in the trial court to confirm the arbitration award. A corresponding summons and copy of the petition were delivered to the

Lake County Sheriff, who left a copy at Barbera's home address and mailed a copy to that address. Barbera received the summons and petition on October 14, 2007. Barbera filed an answer and counterclaim to vacate the arbitration award, AIS filed a memorandum in support of the arbitration award, and Barbera then filed an objection to AIS' memorandum.

On February 22, 2008, the trial court held a hearing on AIS' petition to confirm the arbitration award. Both AIS and Barbera argued and presented evidence, and, at the conclusion of the hearing, the trial court granted the petition. Barbera now appeals.

## DISCUSSION AND DECISION

■ Barbera contends that the trial court erred by denying his motion to vacate the arbitration award. The trial court's decision refusing to vacate an arbitration award is reviewed under the same standard as any other trial court decision. See *Hughes Training, Inc. v. Cook,* 254 F.3d 588, 592 (5th Cir.2001) (addressing standard for reviewing arbitration awards under the Federal Arbitration Act), *cert. denied,* 534 U.S. 1172, 122 S.Ct. 1196, 152 L.Ed.2d 135 (2002). Thus, the appellate court accepts findings of fact that are not clearly erroneous and decides questions of law de novo. *See id.*

■ We first address AIS' contention that Barbera waived the argument that service of process was not sufficient under NAF Code of Procedure Rule 6. Barbera argued lack of sufficient service of process to the trial court. AIS correctly notes that Barbera did not argue before the trial court that service of the notice of claim and notice of arbitration was insufficient under NAF Code of Procedure Rule 6 in particular. However, "if the adherence to the normal rules of appellate procedure would result in the waiver of an error which is so harmful that it operates to deny the appellant fundamental due process, an appellate court may 'bypass those rules.'" *Herron v. State,* 801 N.E.2d 761, 765 (Ind.Ct.App.2004) (citing *Reynolds v. State,* 797 N.E.2d 864, 869 (Ind.Ct.App. 2003)). Here, the trial court heard argument from AIS regarding NAF Code of Procedure Rule 6. Therefore, neither AIS nor the trial court was denied the opportunity to address that argument. In any event, whether Barbera received adequate service of process goes to the heart of fundamental due process. Thus, regardless of whether Barbera has waived the issue, we will address it here.

■ Under the terms of the Agreement, the arbitration proceedings in this case were governed by the Federal Arbitration Act, ("FAA") 9 U.S.C. §§ 1–16, and arbitration was to be conducted under the rules of the NAF. The NAF Code of Procedure in effect when AIS filed its arbitration claim provides, in relevant part:

RULE 6.   Service of Claims, Responses, Requests, and Documents.

A.   After being notified by the Forum that a Claim has been accepted for filing in accord with Rules 7 and 12, and a file number has been provided, the Claimant shall promptly serve on each Respondent one (1) identical copy of the Initial Claim Documents, containing the Forum file number, together with a Notice of Arbitration substantially conforming to Appendix A of this Code, including notice that the Respondent may obtain a copy of the Code, without cost, from the Claimant or the Forum.

B.   Service of Initial Claims and Third Party Claims shall be effective if done by:

(1) United States Postal Service Certified Mail Signed return receipt or equivalent service by the national postal

service of the country where the Respondent resides or does business;

(2) Delivery by a private service with the Delivery receipt Signed by a person who Received the Documents;

(3) Delivery with a Written acknowledgment of Delivery by the Respondent or a Representative;

(4) In accord with the Federal Rules of Civil Procedure of the United States or the rules of civil procedure of the jurisdiction where the Respondent entered into the Arbitration Agreement;

(5) In accord with any agreement of the Party served;

(6) For Claims related to or arising from an E-commerce Transaction, Delivery to the e-mail address of the Party served, Receipt confirmed; or

(7) Service is complete upon Receipt by the Party served or the filing of a Response with the Forum by a Respondent.

Nat'l Arb. Forum Code of Proc. R. 6 (eff. May 15, 2006).

Barbera claims that the trial court should not have confirmed the arbitration award and, instead, should have vacated the award, on the ground that Barbera was denied due process in the arbitration proceedings. Specifically, Barbera contends that he did not receive sufficient service of process because AIS did not follow "the applicable service of process rules set forth under … Rule 6, NAF Rules of Procedure in that the Notice of Claim was not sent via certified or registered mail with return receipt requested." [1] Appellant's Brief at 7.

AIS sent copies of the notice of claim and notice of arbitration to Barbera at his home address, 2610 W. 49th Avenue, Hobart, Indiana 46342, via Federal Express. But receipt of the Federal Express delivery was not acknowledged by a signatory. The NAF sent a Second Notice of Arbitration to Barbera's home address via regular mail.[2] But the NAF did not send the Second Notice of Arbitration via certified or registered mail. Therefore, there is also no acknowledgement of receipt of that notice. Indeed, there is nothing in the record on appeal to show personal delivery on Barbera or that anyone acknowledged receipt of any notices that were sent to Barbera regarding the arbitration. Thus, service of the notice of claim and notice of arbitration was not sufficient under NAF Code of Procedure Rule 6(B)(1), (2), or (3).

We next consider whether service of process was sufficient under NAF Code of Procedure Rule 6(B)(4).[3] Rule 6(B)(4) provides for service "[i]n accord with the Federal Rules of Civil Procedure of the United States or the rules of civil procedure of the jurisdiction where the Respondent entered into the Arbitration

---

1. Barbera also contends that service was not sufficient under "Trial Rule 4.1, Indiana Rules of Civil Procedure." Appellant's Brief at 7. But, according to the Agreement, the NAF Code of Procedure governs the arbitration proceedings. The NAF Code of Procedure includes a provision for service in accordance with state rules of civil procedure. We will consider the applicable state civil procedure rules within our discussion of the NAF Code of Procedure. But, as discussed below, the Indiana Rules of Trial Procedure do not apply to the service of process issue presented in this case.

2. The record of appeal does not contain a copy of the Second Notice of Arbitration purportedly sent to Barbera by the NAF. The arbitration award prepared by the NAF includes a finding that the NAF sent such a notice to Barbera at his home address.

3. Neither party argues, nor do the facts show, that service might have been sufficient under NAF Code of Procedure Rule 6(B)(5)-(7). Thus, we do not address those subsections.

Agreement." The Federal Rules of Civil Procedure provide for service by:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e). Alternatively, because the Agreement provides that it was "made in Delaware," Appellant's App. at 8, 52, the rules of civil procedure for trial courts in Delaware, not Indiana, would apply. The relevant rule states: [4]

(1) Summons.—Service of summons shall be made as follows:

(I) Upon an individual other than an infant or an incompetent person by delivering a copy of the summons, complaint and affidavit, if any, to that individual personally or by leaving copies thereof at that individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or, by delivering copies thereof to an agent authorized by appointment or by law to receive service of process.

Del.Super. Ct. R. Civ. P. 4(f)(1)(I); Del. Ct. C.P. R. Civ. P. 4(f)(1)(I). Again, there is no evidence showing that the notice of claim and the notice of arbitration were served on Barbera personally, on anyone of suitable age at his dwelling, or on an agent for Barbera, as required by Delaware. Therefore, service was not achieved under NAF Code of Procedure Rule 6(B)(4).

■ In the arbitration proceedings, the arbitrator found that "[t]he Claim was properly served on [Barbera] by [AIS] in accordance with Rule 6, including a Notice of Arbitration." Appellant's App. at 5. And the trial court, in confirming the award, found that Barbera "had notice of the arbitration proceedings filed against him, first, by Federal Express delivery to his home, and, second, by U.S. Mail." *Id.* at 56. But, again, neither delivery was acknowledged by anyone. The record does not show that service of process of the notice of claim and notice of arbitration was sufficient under any of the subsections of NAF Code of Procedure Rule 6. Thus, on the record before us, the finding that service of process was sufficient is clearly erroneous.[5]

In sum, we conclude that Barbera did not receive adequate service of process of the notice of claim and the notice of arbitration. Similarly, because the record

---

**4.** Delaware has two trial courts that may have jurisdiction in this case: (1) the Court of Common Pleas, and (2) the Superior Court of the State of Delaware. Each court has its own rules of civil procedure. We need not determine which court would have jurisdiction in this case, because the rules for each court regarding service of process are numbered and worded identically.

**5.** AIS also argues that Barbera did not timely contest the award. In that regard, the trial court found that "the Arbitrator sent notice of the arbitration award by regular U.S. Mail to [Barbera's] residence as well." *Id.* The FAA sets a three-month time limit for serving motion to vacate, modify, or correct arbitration award after the award is "filed or delivered." 9 U.S.C. § 12. But Barbera denies receiving a copy of the arbitration award. Without notice of the proceedings, Barbera would not have known to look for an award, and the record does not show that he received a copy of the award. Although under Section 12 of the FAA the arbitrator was not required to have obtained proof of service of the award, on the facts of this case, we conclude that the evidence is insufficient to show that Barbera received a copy of the arbitration award.

does not show that he received a copy of the arbitration award, Barbera was prevented from timely disputing the award. The lack of sufficient service of process denied Barbera the opportunity to meaningfully participate in the arbitration proceedings, thus denying him due process. Therefore, we reverse the order confirming the arbitration award and remand with instructions to vacate the arbitration award.

Reversed.

MAY, J., concurs.

ROBB, J., concurs with separate opinion.

ROBB, Judge, concurring.

I concur in the majority opinion but write separately because I do not believe that Barbera waived his argument of insufficient service of process. The majority states that Barbera argued lack of sufficient service of process before the trial court but did not argue insufficient service of the notice of claim and notice of arbitration. Nonetheless, the majority addresses these issues because it holds that waiver would result in denying Barbera fundamental due process.

In his answer and counter-petition, Barbera alleges: he "was not served with a copy of the Arbitration Award ... nor was [he] properly served with a Notice of Arbitration," appellant's appendix at 21; "he was [not] properly served with a copy of any such Notice of Claim, Notice of Arbitration and/or timely Arbitration Award," *id.* at 22; "[AIS] failed to serve [him] with notice of arbitration, and failed to serve the alleged Arbitration Award," *id.*; and "[t]he Notice of Arbitration was not properly served upon [him]," *id.* at 24. Barbera argued the issue in his response and objection to AIS's memorandum of law supporting arbitration award. Additional-

ly, Barbera argued the issue at his hearing before the trial court stating: "I wasn't properly served with a notice of claim ... I never got anything on that point to tell me that this was going to arbitration." *Id.* at 67. The trial court then engaged in a lengthy discussion with Barbera regarding service of the notice of arbitration and the arbitration award.

Barbera appeared in this matter pro se. His arguments regarding insufficiency of service of the notice of claim and notice of arbitration may be inartful; however, they are plainly apparent from the record. Therefore, I fail to see how Barbera has waived the arguments on appeal. As a result, I would address Barbera's arguments as preserved for appeal. In all other respects, I concur fully with the majority.